**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANITA MITCHELL,

Plaintiff,

-against-

WALMART, INC.,

Defendant.

**COMPLAINT**

Index No: 5:25-cv-1368 (AJB/ML)

Plaintiff, ANITA MITCHELL ("Plaintiff"), by her attorneys, VICTORY LAW, brings this action against Defendant, WALMART, INC., and for her complaint, respectfully alleges:

## INTRODUCTION

1. This is a personal injury negligence action based on diversity jurisdiction wherein Plaintiff was a patron of Defendant's retail store located in East Syracuse, New York when a Walmart employee/associate negligently operated and pushed a stocking cart or pallet stacked with merchandise into Plaintiff, striking and injuring her.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, said parties are diverse with the Plaintiff a domiciliary and citizen of the State of Florida and the Defendant is incorporated in Delaware with its headquarters and principle place of business in Arkansas, and the amount in controversy exceeds $75,000.

3. Venue is proper within the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as the injury and events leading to the injury occurred in the Northern District of New York and the location of the incident is in the Northern District of New York.

4. This Court has jurisdiction over Defendant pursuant to NY CPLR § 302(a)(1) because Defendant regularly transacts business within the State of New York and regularly supplies goods and services within the State of New York deriving substantial revenue from its retail stores located in the State of New York.

**DEMAND FOR JURY**

5. Plaintiff hereby demands a jury trial.

**PARTIES**

6. At all times hereinafter mentioned, Plaintiff is an individual residing in Liberty County, Florida.

7. Upon information and belief, Defendant Walmart, Inc. is a foreign business corporation with a principle place of business and corporate headquarters in the State of Arkansas.

8. Upon information and belief, Defendant Walmart, Inc. owns and controls a multi-national chain of retail establishments and "Supercenters" colloquially known as simply "Walmart".

9. Defendant Walmart manages, runs, operates and controls the "Walmart" branded retail stores and supercenters in the eastern zone of the United States, including the "Walmart" store at issue in East Syracuse, NY.

**AS AND FOR A FIRST CAUSE OF ACTION IN NEGLIGENCE**

10. Plaintiff repeats and reallages each of the preceding paragraphs above as if fully set forth herein.

11. That on or around October 8, 2022, Plaintiff was a business invitee and patron of a Defendant's Walmart Supercenter located at 6438 Basile Rowe, East Syracuse, NY 13057.

12. At all material times, while shopping as a business invitee at the Walmart store, Plaintiff was lawfully standing near the cash registers when a Walmart employee/associate, acting within the course and scope of employment, negligently operated and pushed a stocking cart or pallet stacked with merchandise six (6) feet high into Plaintiff, striking her left ankle multiple times, causing her to fall and injuring her.

13. The Defendant, Walmart, by and through its employee/associate, breached its duty to exercise reasonable care by failing to keep a proper lookout, failing to yield to customers in the store, operating the cart at an unsafe speed and manner, and otherwise failing to use reasonable care under the circumstances.

14. Plaintiff was injured as a direct and proximate result of the employee/associate's negligence, for which Walmart is vicariously liable under the doctrine of respondeat superior.

15. As a direct and proximate result of the subject incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical, nursing, and hospitalization expenses, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money. The losses are either permanent in nature or continuing and Plaintiff will suffer the losses in the future.

16. Plaintiff has or will incur medical expenses as a result of her injury.

17. That the injuries and damages were caused wholly and solely by reason of the negligent acts of the Defendant, without any fault on the part of the Plaintiff.

18. That this action falls within at least one of the exceptions set forth in Section 1602 of the New York Civil Practice Law and Rules.

19. By reason of the foregoing, the Plaintiff has been damaged in the amount of $1.0 million dollars.

WHEREFORE, Plaintiff demands judgment against Defendant herein in the manner, form and amounts recited, together with the costs and disbursements of this action.

Date: October 1, 2025

St. Petersburg, FL

*/s/ Philip A Weylie*

Philip A. Weylie, Esquire
VICTORY LAW
780 94th Ave. N. Suite 104
Saint Petersburg, FL 33702
Phone: (727) 490-8712
Fax: (727) 565-0684
Florida Bar#: **99216**
Email: pw@Victory-Lawyers.com
Secondary: paralegal@Victory-Lawyers.com
*Attorneys for Plaintiff*